territorial distributor on the sales. In the instant case Industrial did not even make the modest combination of products evidenced in *Rubinger*.

The contract is unambiguous as to the fact that Transcon could make sales in Motion's territory (without being obligated to pay Motion the full commission) only to persons who performed a manufacturing function.

■■ We therefore conclude that as a matter of law Industrial was not an "original equipment manufacturer" and therefore Motion is entitled to a commission for the 78 sales of Transcon equipment made by Industrial.

■■ It is undisputed that Motion would have received $28,147.38 in commissions if credited with the sales made by Industrial. This figure is based upon the commission schedule in the Transcon-Motion contract. It will therefore be unnecessary to remand the cause for a hearing on the issue of damages. See Ill. Rev. Stat. 1971, ch. 110A, par. 366(a)(5).

In conclusion, the judgment denying relief on the counterclaim is reversed and the cause is remanded with directions to enter judgment for Motion and against Transcon on the counterclaim in the sum of $28,147.38.

Reversed and remained with directions.

ENGLISH and SULLIVAN, JJ., concur.

The People of the State of Illinois, Plaintiff-Appellee, *v* Richard J. Setmeyer, Defendant-Appellant.

(No. 57784;

First District (5th Division)—July 20, 1973.

*Rehearing denied September 18, 1973.*

PER CURIAM.

LORENZ, J., took no part.

John S. Wrona and S. David Friedlander, of Calumet City, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Daniel Murray, Assistant State's Attorneys, of counsel,) for the People.

GREAT LAKES MORTGAGE CORPORATION, Plaintiff-Appellant, *v.* LILLIE M. COLLYMORE and "UNKNOWN OWNERS", Defendants-Appellees.

(No. 57790;

First District (5th Division)—July 27, 1973.

*Rehearing denied September 21, 1973.*